IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Julius Ervin Underhill,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:08-cr-00056-TLW-1<br>C/A No. 4:15-cv-05112-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the motion filed by Petitioner Julius Ervin Underhill entitled "Motion Under Fed. R. Civ. P. 60(b)(4) for Relief From the the [sic] Court's 12/18/2008 Voidable Sentencing Judgment." Because this filing challenges his sentence, the Court construes it as a petition for relief pursuant to pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner was charged in a four-count indictment with several drug and firearm charges, and he ultimately pled guilty to Count 4, which charged him with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). He was sentenced as a career offender to 262 months incarceration, followed by a 5-year term of supervised release. Judgment was entered on January 21, 2009. He filed a direct appeal, and the Fourth Circuit affirmed. *United States v. Underhill*, 392 F. App'x 175 (4th Cir. 2010).

On or about March 22, 2012, Petitioner filed a § 2255 petition, asserting generally that he was improperly sentenced as a career offender. ECF No. 88. On July 16, 2012, the Court granted the Government's motion for summary judgment and dismissed the petition with prejudice. ECF

1

No. 98.  He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed his appeal.  *United States v. Underhill*, 490 F. App'x 610 (4th Cir. 2012).

Petitioner filed the instant § 2255 petition on June 25, 2015,[1] asserting generally that his judgment should be voided for lack of subject matter jurisdiction, as his designation as a career offender violated his constitutional rights.  ECF No. 110 at 2–3.  He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II.    Discussion

The Court does not have jurisdiction to consider Petitioner's petition.  He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition.  A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive.  He has not received an order from the Fourth Circuit authorizing a second or successive petition.  Consequently, the Court is without jurisdiction to consider it.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III.    Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 113, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

January 28, 2016
Columbia, South Carolina

4